UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | | |
|---|---|---|
| ANDREW J. HOGUE, | ) | No. ED CV 05-00698-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner ("AR"). The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

Plaintiff's first issue is that the ALJ failed to properly

consider a "Work Capacity Evaluation (Mental)" completed by Plaintiff's treating psychiatrist, Dr. Morales, on January 31, 2005.

The issue of Plaintiff's mental functional capacity was discussed in the decision. The ALJ noted that there is no documentary evidence of any severe impairment which has lasted or is expected to last for a period of 12 continuous months. (AR at 14.) Also noted is the fact that when Plaintiff filed his application for SSI, there was no mention made of any type of mental impairment which would impact his work ability. Further, Plaintiff did not seek any treatment for mental impairment until a year after he filed that application. (Id.) When he did seek treatment, at the San Bernardino County Department of Behavioral Health, Plaintiff was given a diagnosis of major depressive disorder and was prescribed medication. As the ALJ noted, by January 31, 2005, Plaintiff was reported to be improved and had no delusions, and also demonstrated good impulse control. (AR 14, 167-178.) The ALJ also took note of Dr. Morales' check-off form which assessed moderate limitations in Plaintiff's ability to understand, remember and carry out simple instructions; maintain attention and concentration for extended periods; maintain regular attendance and be punctual; make simple work-related decisions; maintain socially appropriate behavior; respond appropriately to changes in the workplace; and make plans independently of others. (AR 14, 179-180.) These conclusions were rejected by the ALJ because they were found to be completely contradicted by recent clinical records which indicated Plaintiff's improvement. Further, the ALJ noted that Dr. Morales' conclusions were not supported by any specific references to medical evidence, and as such, appeared to be completely cursory and not based on any credible medical evidence. (AR 14.) Plaintiff challenges this

finding.

Plaintiff cites hornbook law regarding assessment of the opinion of a treating physician, but fails to contradict the ALJ's conclusion that Dr. Morales' two-page report was unsupported by any objective testing or credible medical evidence. Indeed, the Court has searched the record, but has also not found anything that would support these conclusions. It is Plaintiff's burden to prove that he is disabled. See Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999). Plaintiff would appear to contend that he has satisfied this burden by submission of Dr. Morales' two-page report. The record provides no information as to the etiology of this form.

The ALJ's reasoning is right on the mark. "Check-off" forms are disfavored, especially when they are unsupported by objective findings. See Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996), citing Murray v. Heckler, 722 F.2d 499, 501 (9th Cir. 1983). See also Magallanes v. Bowen, 881 F.2d 749, 751 (9th Cir. 1989).

Plaintiff has failed to demonstrate that Dr. Morales' apparent conclusions are supported by any clinical testing or medical evidence. Rather, Plaintiff argues that Dr. Morales' conclusion is consistent with a determination of Plaintiff's Global Assessment of Functioning ("GAF") of "50/55" as determined by Dr. Kari Enge of the San Bernardino County Department of Behavioral Health on December 6, 2004. (Joint Stipulation ["JS"] at 4, AR 174.) There are several serious problems with this argument. First, as the Commissioner notes, GAF scores do not directly correlate to Social Security severity assessments. Indeed, Plaintiff's view that a GAF rating of 50 may encompass symptoms such as suicidal ideation, severe obsessional rituals, and frequent shoplifting, is apparently unrelated to anything

1  concerning Plaintiff. Plaintiff further asserts that such a GAF score
2  connotes serious impairment in social, occupational or school
3  functioning, such as having no friends or being unable to keep a job.
4  Again, there is no apparent correlation between these types of factors
5  and any evidence in the record concerning this Plaintiff. Finally,
6  Plaintiff asserts that a GAF rating of 55 indicates moderate symptoms
7  such as flat affect and circumstantial speech and occasional panic
8  attacks which, again, do not appear to correlate with anything
9  diagnosed about Plaintiff's functioning. While a GAF score is not
10 irrelevant, it is certainly not substantial evidence to demonstrate a
11 disability, and further, there is no precedent to require a court to
12 consider certain GAF scores to be corroborative of functional mental
13 assessments made by other physicians. In any event, the GAF score as
14 assessed by Dr. Enge occurred on the first day that Plaintiff reported
15 to the San Bernardino County Department of Behavioral Health, and
16 there is no accompanying score for any later period or periods;
17 rather, only the initial score is reported, and is considered by this
18 Court to be unreliable to demonstrate or reflect Plaintiff's mental
19 functioning for the requisite 12-month period. See 20 C.F.R.
20 §§404.1505, 404.1520(c), 416.905, 416.920(c) (2005).
21     For the foregoing reasons, the Court finds that the ALJ did not
22 err in rejecting Dr. Morales' conclusions as set forth on the two-page
23 check-off form.
24     Plaintiff next argues that the ALJ failed to properly consider
25 the opinion rendered by his treating psychologist as to his functional
26 status. The record indicates that Dr. Barnes (Benjamin Barnes, Ph.D.)
27 completed an evaluative form on behalf of the San Bernardino County
28 Department of Behavioral Health on December 6, 2004, the date

1  Plaintiff first appeared at that facility for mental health diagnosis
2  and treatment, and the same date that his GAF score, as previously
3  discussed in this Opinion, was also assessed. (AR 177.)  Dr. Barnes
4  does not appear anywhere else in the record other than through his
5  apparent examination of Plaintiff on this initial date. At that time,
6  as the chart form indicates, Dr. Barnes noted a short-term memory
7  problem, that Plaintiff "get [sic] confused," and that Plaintiff
8  suffered from auditory hallucinations.  He found fair insight and
9  judgment, and a depressed mood with a flat affect.  Dr. Barnes
10 referred Plaintiff for a medical assessment and a medication
11 evaluation. (AR 177.)

12     The ALJ did not mention Dr. Barnes' opinion in his decision. The
13 question is whether this constitutes error.  The Court deems that it
14 does not.  First, as discussed with regard to Plaintiff's first issue,
15 it is Plaintiff's burden to demonstrate that he has a disability for
16 a 12-month period, or a disability that can be expected to last for 12
17 months.  Further, as the Court has already noted, the records of the
18 San Bernardino County Department of Behavioral Health demonstrate that
19 once Plaintiff got medicated, he substantially improved, and the
20 particular symptoms noted by Dr. Barnes disappeared. Significantly,
21 the very doctor who Plaintiff posits as his treating physician, Dr.
22 Morales, reported on January 31, 2005 that Plaintiff was improving,
23 and specifically, that he had good impulse control, and had no
24 delusions following the prescription of medication. (AR 169, 170.)
25 Dr. Morales found Plaintiff to be alert, cooperative, significantly
26 more relaxed, rational, and finally, that his sleep had improved. (AR
27 169.)  Clearly, the very records which Plaintiff asks this Court to
28 review to determine whether error existed support a finding of no

error.

Plaintiff's third and fourth issues are essentially identical. Issue no. 3 incorporates Plaintiff's contention that the ALJ failed to properly consider his mental condition as being severe, while in his fourth issue he asserts that the ALJ did not consider Plaintiff's mental condition to be severe. These arguments can be addressed together. The ALJ found Plaintiff to have no severe mental impairment. (AR 14.) Plaintiff asserts that this is an erroneous finding because the ALJ failed to consider the GAF rating of Dr. Enge (which the Court has already discussed with regard to Issue no. 1), and second, failed to consider Dr. Barnes' assessments, which the Court has also discussed. For reasons already articulated, the GAF reading in and of itself does not establish a severe mental impairment. While GAF scores may constitute collateral evidence, here, there is no substantial evidence demonstrating the existence of severe mental impairment for the requisite 12-month period, as the Court has already noted. With particular regard to the assessments of Dr. Barnes, they were made on Plaintiff's first day at the San Bernardino County Department of Behavioral Health, and with regard to the observations of auditory hallucinations, noted by Dr. Barnes (see AR at 177), these had clearly disappeared less than two months later, as Plaintiff's treating physician, Dr. Morales, recorded in his notes. Put simply, this record does not support a finding that Plaintiff suffers from a severe mental impairment. Since Plaintiff did not suffer from a severe mental impairment, the ALJ was not required to obtain testimony from a vocational expert regarding non-exertional limitations. Plaintiff's fourth issue, therefore, has no merit.

//

For the foregoing reasons, judgment will be entered (1) affirming the decision of the Commissioner of Social Security, and (2) dismissing this action with prejudice.

**IT IS SO ORDERED.**

DATED: May 12, 2006


                                          /s/
                              VICTOR B. KENTON
                              UNITED STATES MAGISTRATE JUDGE